ROSEN & ASSOCIATES, P.C.
Attorneys for the Debtor
  and Debtor in Possession
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Nancy L. Kourland


        -and-

PLATZER, SWERGOLD, KARLIN,
  LEVINE, GOLDBERG & JASLOW, LLP
Attorneys for the Official Committee
  of Unsecured Creditors
1065 Avenue of the Americas
New York, NY 10018
(212) 593-3000
Henry G. Swergold
Mitchell L. Kaplan


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re                                                   Chapter 11

ARCADE PUBLISHING, INC.,                                 Case No. 09-13636 (MG)

                          Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


### JOINT PLAN OF LIQUIDATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND DEBTOR PURSUANT TO 11 U.S.C. § 1123

        Arcade Publishing, Inc., the above-captioned debtor and debtor in possession (the

"**Debtor**") and its Official Committee of Unsecured Creditors (the "**Committee**") as and for

their Joint Plan of Liquidation (the "**Plan**") pursuant to the provisions of chapter 11 of title 11 of

the United States Code (the "**Bankruptcy Code**").

# ARTICLE 1

## DEFINITIONS

Capitalized terms used herein, but not otherwise defined herein shall have the meanings set forth below, and such meanings shall be equally applicable to the singular and plural forms of the terms defined and words denoting one gender shall include the other gender, unless the context otherwise requires. Words and terms defined in section 101 of the Bankruptcy Code shall have the same meaning when used in the Plan, unless the Plan gives a different definition. The rules of construction in section 102 of the Bankruptcy Code apply to the Plan as well.

1.1 "Administrative Expense Claim" shall mean any (a) Claim that constitutes a cost or expense of administration of the Chapter 11 Case allowed by Final Order under section 503(b) or section 507(a)(1) of the Bankruptcy Code, including Claims arising in the ordinary course of business after the Filing Date whether or not allowed by Final Order and (b) a Professional Fee Claim.

1.2 "Allowed" shall mean, with respect to a particular Claim, (a) the amount of the Claim that is listed in the Schedules as neither disputed, contingent nor unliquidated, if the Holder of such Claim did not duly file a proof of claim on or before the Bar Date, or (b) if the Holder of such Claim duly filed a proof of claim on or before the Bar Date (or filed a proof of claim after the Bar Date and such proof of claim is deemed to be timely filed), then (i) the amount stated in such proof of claim, if no objection thereto has been interposed within the applicable period of limitations fixed by the Plan or as otherwise fixed by the Bankruptcy Court, (ii) in the case of a Claim to which a timely objection has been made, such amount as shall be fixed by a Final Order, (iii) with respect to a Professional Fee Claim, such amount as shall be fixed by a Final Order, or (iv) as to a Claim of the kind specified in section 1.2(a) above, such

amount as the Debtor shall agree to or such amount as shall be fixed by Final Order. For purposes of determining the amount of an Allowed Claim, there shall be deducted therefrom an amount equal to the amount of any claim that the Debtor may have against the Holder thereof, to the extent such claim may be set-off pursuant to section 553 of the Bankruptcy Code or to the extent such claim is subject to recoupment.

1.3 "Allowed Priority Claim" shall mean all or that portion of an Allowed Claim entitled to priority under section 507(a) of the Bankruptcy Code.

1.4 "Allowed Unsecured Claim" shall mean any Allowed Claim as it existed on the Filing Date, which is not (a) an Allowed Administrative Expense Claim; (b) an Allowed Priority Claim; (c) an Insider Claim; or (d) an Equity Interest.

1.5 "Assets" shall mean shall mean, collectively, all property of the Debtor's estate, including, without limitation, all of the assets, property, interests (including equity interests) and effects, real and personal, tangible and intangible, of the Debtor, including, without limitation, all claims and causes of action arising under the Bankruptcy Code or other applicable law, if any, including, without limitation, Avoidance Actions.

1.6 "Avoidance Actions" shall mean any and all claims and causes of action of, and remedies granted to, the Debtor against any third party, including, without limitation, those assertable pursuant to sections 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code, or state law and any other statutory or common law.

1.7 "Ballot" shall mean the form transmitted to creditors with the Plan and Disclosure Statement with which they could vote to accept or reject the Plan pursuant to Bankruptcy Rule 3018 and section 1126 of the Bankruptcy Code.

1.8 "Bankruptcy Code" shall mean title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., together with all amendments, modifications, or replacements, as the same

exist upon any relevant date, to the extent applicable to the Chapter 11 Case.

1.9 "Bankruptcy Court" shall mean United States Bankruptcy Court for the Southern District of New York having jurisdiction over the Chapter 11 Case, and to the extent of any withdrawal of reference made pursuant to 28 U.S.C. § 157, the United States District Court for the Southern District of New York, or any appellate court having competent jurisdiction over the Chapter 11 Case or any particular proceeding within the Chapter 11 Case.

1.10 "Bankruptcy Rule(s)" shall mean the Federal Rules of Bankruptcy Procedure applicable to cases under the Bankruptcy Code and the Local Rules of the Bankruptcy Court, together with all amendments and modifications from time to time made thereto.

1.11 "Bar Date" shall mean (a) August 24, 2010, the date fixed by the Bankruptcy Court pursuant to Bankruptcy Rules 2002(7) and 3003(c)(3) by which all Persons asserting Claims, other than Administrative Expense Claims, against the Debtor were required to file proofs of claim or be forever barred from asserting such Claims against the Debtor or its property and from voting on the Plan and/or sharing in any Distribution under the Plan, or (b) solely with respect to Claims as to which the Debtor amends its Schedules subsequent to the Bar Date, the date which is thirty (30) days after notice of such amendment is given to the Holders of such affected Claims.

1.12 "Business Day" shall mean any day other than a Saturday or Sunday or legal holiday as such term is defined in Bankruptcy Rule 9006.

1.13 "Cash" shall mean cash and cash equivalents in lawful currency of the United States of America, and other readily marketable securities or instruments, including, without limitation, direct obligations of the United States of America and certificates of deposit issued by federally insured banks.

1.14    "Chapter 11" shall mean chapter 11 of the Bankruptcy Code.

1.15    "Chapter 11 Case" shall mean this case, commenced under chapter 11 of the Bankruptcy Code by the Debtor on the Filing Date.

1.16    "Claim" shall mean a Claim against the Debtor as defined in 11 U.S.C. §101(5).

1.17    "Claimant" shall mean the Holder of a Claim.

1.18    "Class" shall mean any group of Claims or Equity Interest as specified in Article 5 hereof.

1.19    "Committee" shall mean the Official Committee of Unsecured Creditors of the Debtor.

1.20    "Committee's Counsel" shall mean Platzer.

1.21    "Confirmation Date" shall mean the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Bankruptcy Court.

1.22    "Confirmation Hearing" shall mean the hearing to be held by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code concerning confirmation of the Plan.

1.23    "Confirmation Order" shall mean the order entered by the Bankruptcy Court confirming the Plan.

1.24    "Contested Claim" shall mean any Claim against the Debtor for which an amount has not been fixed by Final Order that (a) is scheduled in the Debtor's schedules of liabilities as disputed, contingent, or unliquidated, (b) is scheduled in the Debtor's schedules of liabilities as undisputed, not contingent and liquidated, for which a proof of claim has been properly filed with the Bankruptcy Court in an amount that exceeds the scheduled amount and is

5

not otherwise agreed to by the Debtor, (c) is not scheduled in the Debtor's schedules of liabilities, but as to which a proof of claim, or an Application with respect to a Professional Fee Claim, has been filed timely with the Bankruptcy Court, (d) as to which an objection to the allowance of such Claim has been filed timely with the Bankruptcy Court by or on behalf of the Debtor or any party in interest and not withdrawn, and (e) no Final Order exists allowing or disallowing such Claim or any portion thereof.  In the event that any part of any Claim is contested, such Claim in its entirety shall be deemed a Contested Claim for purposes of voting and Distribution hereunder, unless the Debtor and the Holder thereof otherwise agree.

1.25    "Debtor" shall mean Arcade Publishing, Inc. that filed a petition for reorganization under chapter 11 of the Bankruptcy Code on the Filing Date.

1.26    "Debtor's Counsel" shall mean Rosen & Associates, P.C.

1.27    "Disallowed Claim" shall mean any Claim or portion thereof that has been disallowed by the Bankruptcy Court by a Final Order.

1.28    "Disbursing Agent" shall mean Platzer.

1.30    "Disclosure Statement" shall mean the Disclosure Statement dated as of December    , 2010 filed by the Debtor with the Bankruptcy Court with respect to the Plan, as amended from time to time, and approved by the Bankruptcy Court under section 1125 of the Bankruptcy Code.

1.31    "Distributable Funds" shall mean the Cash in the Liquidation Account that is available for Distribution to Holders of Allowed Unsecured Claims after deduction equal to the Reserved Funds.

1.32    "Distribution" shall mean any payment to any Class of creditors made under the Plan.

1.33   "Distribution Date" shall mean any date upon which a Distribution is made pursuant to the Plan.  Said date shall be as soon as reasonably practicable after the expiration of the time within which the Debtor may file objections to Claims or commence Avoidance Actions and shall be determined by the Disbursing Agent in its discretion.

1.34   "Effective Date" shall mean the date the Confirmation Order becomes a Final Order.

1.35   "Equity Interest" shall mean any "Equity Security" of the Debtor, as that term is defined in section 101 (16) of the Bankruptcy Code.

1.36   "Equity Interest Holder" shall mean the Holder of an Equity Interest in the Debtor.

1.37   "Executory Contract" shall mean any executory contract and unexpired lease, subject to assumption or rejection under sections 365, 1113, or 1123 of the Bankruptcy Code, in effect on the Confirmation Date, between the Debtor and any other Person.

1.38   "Face Amount" shall mean, with respect to a particular (a) Claim: (i) if the Holder of such Claim has not filed a proof of claim within the applicable period of limitation fixed by the Bankruptcy Court pursuant to the Bankruptcy Code, the Bankruptcy Rules or other applicable law, the amount of such Claim that is listed in the Schedules as non-disputed, noncontingent, and liquidated; (ii) if the Holder of such Claim has filed a proof of claim within the applicable period of limitation fixed by the Bankruptcy Court pursuant to the Bankruptcy Code, the Bankruptcy Rules or other applicable law, and such Claim has not become an Allowed Claim, the liquidated amount stated in such proof of claim; (iii) with respect to a Professional Fee Claim that is not the subject of a Final Order of the Bankruptcy Court, the amount applied for with respect to such Professional Fee Claim less the sum of all amounts previously paid to

the applicant on account of such Professional Fee Claim; or (iv) in all other cases, zero (0), or such amount as shall be fixed or estimated by a Final Order of the Bankruptcy Court.

1.39    "Filing Date" shall mean June 5, 2009, the date on which the Debtor filed its petition for reorganization under chapter 11 of the Code.

1.40    "Final Order" shall mean an order or judgment of a court as entered on the legal docket maintained by the clerk of such court that has not been reversed, stayed, modified, vacated, or amended and as to which the time to appeal or seek review, rehearing, or certiorari has expired, and as to which no appeal or petition for review, rehearing, or certiorari proceeding is pending or as to which any right to appeal, reargue, or petition for certiorari has been waived in writing or, if an appeal, reargument, or petition for certiorari thereof has been denied, the time to take any further appeal or to seek further hearing or certiorari has expired; provided, however, that no order or judgment shall be deemed not to be a Final Order solely by virtue of being subject to the filing of a motion for reconsideration pursuant to section502 of the Bankruptcy Code, Bankruptcy Rules 3008 or 9024 or Rule 60 of the Federal

1.41    "Holder" shall mean the beneficial owner of any Claim or Equity Interest.

1.42    "Insider Claim" shall mean any and all of the following: (a) a Claim by an Insider, as such term is defined in section 101(31) of the Bankruptcy Code, that has been scheduled by the Debtor in its Schedules; (b) a Claim for which the Insider has filed a proof of claim with the Bankruptcy Court; and (c) any Claim by Richard Seaver, Jeannette Seaver, any entity, trust, and/or estate owned in whole or in part by Richard Seaver and/or Jeannette Seaver and/or affiliated with Richard Seaver and/or Jeannette Seaver including, but, not limited to the Seaver Family Trust, Seaver Books, "Merlin House" and/or "Merlin House Inc.," and (d) any Claims by Equity Interest Holders.

1.43    "Lien" shall mean any properly perfected mortgage, lien, pledge, charge, security interest, or encumbrance of any kind affecting any of the property of the Debtor, including liens granted in the Chapter 11 Case pursuant to orders of the Bankruptcy Court.

1.44    "Liquidation Account" shall mean the interest bearing escrow account that the Disbursing Agent shall maintain for the benefit of the Debtor that contains the proceeds from the sale of the Debtor's Assets to Skyhorse Publishing, Inc. plus interest earned thereon and shall contain proceeds, if any, from the liquidation of other Assets and from which Distributions shall be made pursuant to the Plan.  Upon the Effective Date, Debtor's Counsel will take any and all necessary steps to transfer the Assets to the Liquidation Account.

1.45    "Person" shall mean any individual, corporation, general partnership, limited partnership, limited liability company, association, joint stock company, joint venture, estate, trust, unincorporated organization, government or any political subdivision thereof, or other entity.

1.46    "Plan" shall mean this Plan as may hereafter be amended, modified, or supplemented from time to time.

1.47    "Platzer" shall mean the Committee's Counsel and Disbursing Agent, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP.

1.48    "Professional Fee Claim" shall mean a Claim for compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, and 503(b) of the Bankruptcy Code as asserted in an application made to the Bankruptcy Court in the Chapter 11 Case.

1.49    "Pro Rata" shall mean, when used with reference to a Distribution pursuant the Plan, proportionately so that with respect to a particular Allowed Claim the ratio of

9

(a)(i) the amount of property distributed on account of such Claim to (ii) the amount of such Claim, is the same as the ratio of (b)(i) the amount of property distributed on account of all Allowed Claims in that Class.

1.50    "Reorganized Debtor" shall mean the Debtor on and after the Effective Date.

1.51    "Reserved Funds" shall mean a reserve of Cash maintained in the Liquidating Account, the amount of which shall be determined by the Disbursing Agent as necessary, in its sole discretion to pay (a) Contested Claims when and to the extent they become Allowed Claims, (b) Allowed Secured Claims, Allowed Administrative Expense Claims, Allowed Priority Claims, and Professional Fee Claims, and (c) all expenses of post-Effective Date administration, including, but not limited to, the fees and expenses of the professionals and other costs associated with the wind down of the Debtor's affairs.

1.52    "Schedules" shall mean, collectively, the schedules filed under section 521(1) of the Bankruptcy Code by the Debtor as they may from time to time be amended in accordance with Bankruptcy Rule 1009.

1.53    "Unclaimed Distribution" shall mean any Distribution contemplated under the Plan that remains unclaimed after one hundred twenty (120) days following the Distribution Date.  Unclaimed Distributions shall include checks and the funds represented thereby: (a) that have been returned as undeliverable without a proper forwarding address; (b) that have not been returned or marked as undeliverable, but which checks have not been cashed or presented to the bank for payment; and (c) that were not mailed or delivered because of the absence of a correct address.

## ARTICLE 2

### CLASSIFICATIONS OF
### CLAIMS AND EQUITY INTERESTS

2.1    All Claims and Equity Interests shall be bound by the provisions of this

Plan and, for purposes of this Plan are classified as follows:

"Class 1" shall consist of all Allowed Unsecured Claims

"Class 2" shall consist of all Insider Claims

"Class 3" shall consist of all Equity Interests

2.2    The inclusion of a creditor in any class is for purposes of general

description only and includes all persons claiming as assignees, heirs, devises, transferees, or

successors in interest of any kind of the creditor named.

## ARTICLE 3

### UNCLASSIFIED CLAIMS

In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative

Expense Claims and Priority Claims have not been classified.

## ARTICLE 4

### TREATMENT OF UNCLASSIFIED CLAIMS

4.1    Administrative Expense Claims

On the later of (i) the Distribution Date or (ii) ten (10) days after such

Administrative Expense Claim becomes an Allowed Claim, each Holder of an Allowed

Administrative Expense Claim will be paid by the Disbursing Agent the amount of such Allowed

Claim in full, from the Reserved Funds, without interest, unless the Holder of such Allowed

Claim and the Debtor agree to a less favorable treatment of such Allowed Claim, in which case

such Holder will be paid in accordance with such agreement.  See Section 16.6 concerning

11

Disbursing Agent's right to withhold, defer and set-off payments and Distributions to Holders of Allowed Administrative Expense Claims.

4.2     Priority Claims

Commencing on the later of (i) the Distribution Date or (ii) ten (10) days after such Priority Claim becomes an Allowed Claim, each Holder of an Allowed Priority Claim will be paid by the Disbursing Agent the amount of such Allowed Claim in full, from the Reserved Funds, unless the Holder of such Allowed Claim and the Debtor agree to a less favorable treatment of such Allowed Claim, in which case such Holder will be paid in accordance with such agreement.   See Section 16.6 concerning Disbursing Agent's right to withhold, defer and set-off payments and Distributions to Holders of Allowed Priority Claims.

**ARTICLE 5**

**TREATMENT OF CLASSES OF CLAIMS AND EQUITY INTERESTS**

Except as otherwise provided in the Plan or the Confirmation Order, the treatment of and the consideration to be received by Holders of Allowed Claims or Holders of Interests pursuant to this Article  5 will be in full satisfaction and discharge of all such Claims or Interests. The Disbursing Agent will make all payments and other Distributions to be made hereunder.

5.1     Class 1 – Unsecured Claims.

(a) Treatment: On the later of (i) the Distribution Date or as soon thereafter as is practicable, or (ii) ten (10) days after such Claim becomes an Allowed Claim, each Holder of an Allowed Unsecured Claim will be paid by the Disbursing Agent from the Distributable Funds an amount equal to such Holder's Pro Rata interest in the Distributable Funds, without interest.  See Section 16.6 concerning Disbursing Agent's right to withhold, defer and set-off payments and Distributions to Holders of Allowed Class 1 Claims.

After the Effective Date, i.e., the initial Distribution Date, the Disbursing Agent shall, to the extent funds are available, make periodic Distributions on Distribution Dates pursuant to section 5.1(a) hereof of such of the Distributable Funds as may be realized by the Reorganized Debtor.

(a) Voting:   Class 1 is impaired by the Plan and each Holder of an Unsecured Claim is entitled to vote to accept or reject the Plan.

5.2     Class 2 – Insider Claims

(a) Treatment:  Each Holder of a Class 2 Insider Claim shall not receive or retain any payment, property, or Distribution under the Plan.   Upon the Effective Date, all Insider Claims shall be deemed expunged automatically and forever with prejudice, whether scheduled by the Debtor or evidenced by proof(s) of claim.

(b) Voting:  Class 2 is impaired by the Plan and each Holder of an Insider Claim is deemed to have rejected the Plan and, therefore, is not entitled to vote to accept or reject the Plan.

5.3     Class 3 - Equity Interests

(a) Treatment: Each Holder of an Equity Interest shall not receive or retain any payment, property or Distribution under the Plan on account of such Equity Interests. Upon the Effective Date, all Equity Interests shall be deemed cancelled and extinguished forever, and shall be of no further force or effect on or after the Effective Date.

(b) Voting:  Class 3 is impaired by the Plan and each Holder of an Equity Interest is deemed to have rejected the Plan and, therefore, is not entitled to vote to accept or reject the Plan.

## ARTICLE 6

## <u>MEANS FOR IMPLENTATION OF THE PLAN</u>

The Plan is to be implemented consistent with section 1123 of the Bankruptcy Code.

6.1     <u>Revesting of Assets</u>

Upon the Effective Date, pursuant to the provisions of sections 1141(b) and 1141(c) of the Bankruptcy Code, all of the Assets then owned by the Debtor shall revest in the Reorganized Debtor free and clear of all Liens, Claims, and Equity Interests therein, except to the extent provided by the terms of the Plan and the Confirmation Order.

6.2     <u>Funding of Plan Distributions</u>

Distributions to be made pursuant to the Plan on the Distribution Date will be made from Cash in the Liquidating Account.  In the event that the Debtor recovers funds on account of any Assets, such funds will be deposited in the Liquidation Account.

6.3     <u>Prior to the Effective Date</u>

The Confirmation Order shall empower and authorize the Debtor to take or cause to be taken, prior to the Effective Date, all actions that are necessary to enable it to implement effectively the provisions of the Plan, and any other agreements related and incident thereto.

6.4     <u>Distributions of Cash</u>

Distributions of Cash required to be made under the Plan will be made by check mailed by first-class mail to the address of the creditor set forth in its proof of claim, or in the event no proof of claim has been filed, at the address set forth in the Schedules.

6.5     <u>Objections to Claims</u>

The Debtor shall review the proofs of claim and file objections thereto within ninety (90) days after the Effective Date, provided that the Debtor may apply to the Bankruptcy Court for an extension of time to file such objections.

6.6     Contested Claims

Any Distributions to the Holder of a Contested Claim will be made if, when, and only to the extent such Contested Claim becomes an Allowed Claim.

On, or as soon as practicable after, the Distribution Date, the Disbursing Agent shall reserve for the account of each Holder of a Contested Claim, and hold in trust (without interest) in the Reserved Funds, that Cash that would otherwise be distributable to such Holder on such date in accordance with the Plan if such Contested Claim was an Allowed Claim on such date in the Face Amount thereof.  The Cash, if any, so reserved for the Holder of such Contested Claim shall be distributed to such Holder, to the extent such Contested Claim is allowed, only after such Contested Claim becomes an Allowed Claim. To the extent such Contested Claim becomes a Disallowed Claim in whole or in part, such cash shall constitute Distributable Funds that the Disbursing Agent shall distribute in accordance with the terms of the Plan.

Except as otherwise provided in a Final Order of the Bankruptcy Court, the Disbursing Agent shall deposit or invest all Cash held for the benefit of Holders of Claims under the Plan from time to time consistent with section 345 of the Bankruptcy Code.

6.7     Avoidance Actions

The Debtor shall commence any Avoidance Actions within ninety (90) days after the Effective Date, provided that the Debtor may apply to the Bankruptcy Court for an extension of time to commence such Avoidance Action.

6.8     Unclaimed Distributions

The Debtor shall use reasonable efforts to locate a correct mailing address for any Holder of an Allowed Claim who is entitled to receive a Distribution.  If a Holder of an Allowed Claim fails to negotiate a check issued to such Holder pursuant to the provisions of the Plan hereof within sixty (60) days of the date such check was forwarded to said Holder or if a Distribution under the Plan to any Holder of an Allowed Claim is returned to the Disbursing Agent due to an incorrect or incomplete address for such Holder, such Holder shall be entitled to receive a reissued check from the Debtor for the amount of the original check, without any interest, if prior to the six (6) months from the first (1st) anniversary of the date that such check was issued, such Holder requests the Disbursing Agent to reissue such check and provides the Disbursing Agent with such documentation as the Disbursing Agent requests to verify that such Holder is entitled to such check.  The Disbursing Agent will maintain the amount of such Distribution in the Reserved Funds for six (6) months following the date such check was issued. If a Holder fails to cash a check within sixty (60) days of its issuance and fails to request reissuance of such check prior six (6) months from the first (1st) anniversary of the date that such check was issued, such Holder shall not be entitled to receive any Distribution under the Plan and such Distribution shall be deemed Distributable Funds that the Disbursing Agent shall distribute in accordance with the terms of this Plan.

6.9     Final Distribution

As soon as may be practicable following the date on which (a) all Cash has been realized and (b) all Contested Claims have been resolved by a Final Order of the Bankruptcy Court, the Disbursing Agent shall make a final Distribution of remaining Distributable Funds to Holders of Allowed Claims in accordance with the terms of the Plan.

6.10    Dissolution

As soon as may be practicable following the date on which the Disbursing Agent makes a final Distribution in accordance with the preceding section 6.9, the Reorganized Debtor shall take all steps necessary to effect the dissolution of the Reorganized Debtor.

6.11    Severability

Should any Plan provision be determined unenforceable, such determination shall in no way affect the enforceability and operative effect of any other Plan provision.

## ARTICLE 7

## RETENTION AND ENFORCEMENT OF CLAIMS

Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, the Reorganized Debtor shall retain any and all claims of the Debtor or its estate including, without limitation, all Avoidance Actions.

## ARTICLE 8

## EXECUTORY CONTRACTS

8.1    Assumption or Rejection of Executory Contracts

On the Effective Date, unless previously assumed by the Debtor, the Debtor will be deemed to have rejected all of its other Executory Contracts.

8.2    Claims Relating to Rejected Executory Contracts

Any Claim for damages arising by reason of the rejection of any Executory Contract may constitute an Allowed Claim, if, but only if, a proof of claim therefor is timely filed, and the Reorganized Debtor does not file a timely objection thereto.   The Confirmation Order will fix the last day for filing proofs of claim arising by reason of the

rejection of any Executory Contract pursuant to Section 8.1 hereof, and the last day that the Reorganized Debtor may object thereto.  Any Claim arising from the rejection of an Executory Contract will constitute a Claim in Class 1.

## ARTICLE 9

### CONDITIONS PRECEDENT TO EFFECTIVE DATE OF PLAN

The following is a condition precedent to consummation of the Plan and the occurrence of the Effective Date:

The Confirmation Order shall have been entered and shall have become a Final Order.

## ARTICLE 10

### INJUNCTION

**On the Effective Date, all Persons who have held, hold, or may hold Claims arising on or before the Effective Date or who have held, hold, or may hold Equity Interests acquired on or before the Effective Date will be enjoined from taking any of the following actions with respect to such Claims or Equity Interests, provided, however, that the injunction shall not affect the liability of any other entity for such Claims or Equity Interests: (a) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Debtor, any of the Assets or any direct or indirect transferee of any Assets of, or successor in interest to, the Debtor or any assets of any such transferee or successor, (b) enforcing, levying, attaching, collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, any of the Assets, or any direct or indirect transferee of any Assets of, or successor in interest to, the Debtor or any assets of**

**any such transferee or successor, (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, any of the Assets or any direct or indirect transferee of any Assets of, or successor in interest to, the Debtor or any assets of any such transferee or successor, (d) asserting any set-off, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Debtor, any of the Assets or any direct or indirect transferee of any Assets of, or successor in interest to, the Debtor or any assets of any such transferee or successor, and (e) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan.**

## ARTICLE 11

## RELEASES

11.1    On the Effective Date, any indebtedness or entitlement to interest or other such legal or equitable right to payment not specifically contemplated by the Plan as against the Debtor shall be extinguished.  Nothing in the Confirmation Order of the Plan shall effect a release of any Claim by the United States government or any of its agencies or any state and local authority whatsoever, including, without limitation, any claim arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state or local authority against released parties, nor shall anything in the Confirmation Order or the Plan enjoin the United States or any state or local authority from bringing any suit, claim, action, or other proceedings against released parties for any liability whatsoever, including, without limitation, any claim, suit, or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority, nor shall anything in the Confirmation Order or the Plan exculpate any party from any liability to the United States

Government or any of its agencies or any state or local authority whatsoever, including any arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state or local authority against the released parties.

11.2    Neither the Debtor, nor the Committee, nor the Disbursing Agent, nor any of their respective members, officers, directors, general partners, managing agent, owners, or employees (acting in such capacity) nor any professional person employed by the Debtor, the Committee, or the Disbursing Agent, shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, confirmation, or consummation of the Plan, the Disclosure Statement, or any other contract, instrument, release, or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Chapter 11 Case or the Plan. From and after the Effective Date, a copy of the Confirmation Order and the Plan shall constitute and may be submitted as a complete defense to any claim or liability satisfied, discharged and released pursuant to the Plan; provided, however, that nothing in the Plan shall, or shall be deemed to, release the Debtor, the Committee, or the Disbursing Agent from, or exculpate the Debtor, the Committee or the Disbursing Agent with respect to, their respective obligations or covenants arising pursuant to the Plan from willful misconduct, gross negligence, breach of fiduciary duty, malpractice, fraud, criminal conduct, and/or unauthorized use of confidential information that causes damages.  Any such liability against respective professionals of the Debtor, the Committee, or the Disbursing Agent to their respective clients shall also not be limited contrary to the requirement of 1.8(h)(1) of the New York State Rules of Professional Conduct, as promulgated in April, 2009.

## ARTICLE 12

## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain and have exclusive jurisdiction over the

Chapter 11 Case and the Plan whether or not an order closing the Chapter 11 Case has been

entered including, but not limited to jurisdiction over the following matters:

(a)     to adjudicate all controversies concerning the classification or allowance of any Claims, whether existing at the Confirmation Date or occurring thereafter;

(b)     to determine any and all objections to the allowance of Claims, whether existing at the Confirmation Date or occurring thereafter;

(c)     to determine any and all applications for allowance of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan, whether existing at the Confirmation Date or occurring thereafter;

(d)     to determine any applications pending on the Confirmation Date for the rejection or assumption of executory contracts or unexpired leases or for the assumption and assignment, as the case may be, of executory contracts or unexpired leases to which the Debtor is a party or with respect to it may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom filed before or after the Confirmation Date;

(e)     to determine any and all applications, Avoidance Actions and contested or litigated matters that may be pending on the Confirmation Date or filed thereafter;

(f)      to consider any modifications of the Plan, remedy any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court,

including the Confirmation Order, to the extent authorized by the Bankruptcy Code;

(g)     to determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan or any provision thereof from and after the Confirmation Date;

(h)     to consider and act on the compromise and settlement of any Claim against or cause of action by and against the Debtor and the Debtor's estate;

(i)     to issue such orders in aid of execution of the Plan or any provision thereof to the extent authorized by §1142 of the Bankruptcy Code;

(j)     to enforce all orders, judgments, injunctions and rulings entered in connection with the Chapter 11 Case; and

(k)     to determine such other matters as may be set forth in the Confirmation Order or which may arise in connection with the Plan or the Confirmation Order.

## ARTICLE 13

## NOTICES

13.1    All notices, requests, elections, or demands in connection with the Plan shall be in writing and shall be mailed by registered or certified mail, return receipt requested to:

If to Debtor's Counsel:                Rosen & Associates, P.C.
                                       747 Third Avenue
                                       New York, NY  10017-2803
                                       Attn.: Nancy L. Kourland, Esq.
                                       (212) 223-1100

If to Committee's Counsel or   Platzer, Swergold, Karlin, Levine,
Disbursing Agent:                Goldberg & Jaslow, LLP
                               1065 Avenue of the Americas, 18th Floor
                               New York, New York 10018
                               Attn.:  Henry G. Swergold, Esq.
                                    Mitchell L. Kaplan, Esq.
                               (212) 593-3000

If to the United States Trustee:   Office of the United States Trustee
                               33 Whitehall Street
                               New York, New York 10004
                               Attn.: Richard Morrissey, Esq.
                               (212) 510-0500

13.2    Debtor's Counsel shall mail a copy of a notice of the entry of the Confirmation Order by the Bankruptcy Court, without attaching such order, to all known Holders of Claims and Equity Interests, whether or not allowed, to their last known address.  Such notice shall be deemed sufficient.

13.3    Except as otherwise provided for herein, notices of appearance and demands for service of papers filed with the Bankruptcy Court prior to the Effective Date shall no longer be effective from the Effective Date forward, except as otherwise provided herein. Unless an entity files a notice of appearance and demand for service of papers dated after the Effective Date and served upon Debtor's Counsel, no notice other than notice of entry of the Confirmation Order shall be sent to that entity.

## ARTICLE 14

### DISBURSING AGENT

14.1    The Debtor hereby designates Platzer, 1065 Avenue of the Americas, 18th Floor, New York, New York 10018, Attn: Mitchell L. Kaplan, Esq. as the Disbursing Agent.

14.2    The Disbursing Agent, in the name of, and on behalf of the Debtor's estate, shall comply with all payment, withholding, and reporting requirements imposed by federal, state, and local authorities and all Distributions made under the Plan shall be subject to

such payment, withholding and reporting requirements where applicable.

14.4   In the event the appointment of a successor Disbursing Agent becomes necessary, such Disbursing Agent shall be appointed by the Debtor and to the extent that a successor Disbursing Agent is appointed prior to the entry of an order of final decree closing the Chapter 11 Case, the Bankruptcy Court, the Office of the United States Trustee, and Committee's Counsel shall be notified in writing of the identity and address of the new Disbursing Agent.

14.5   The Disbursing Agent shall be paid its reasonable fees, costs, and expenses from the Reserved Funds.

14.6   The Disbursing Agent shall obtain a bond for 110% of the proceeds anticipated to be in the Liquidation Account to be distributed, which bond shall be issued in favor of the United States government and may be cancelled only upon thirty days notice to the Bankruptcy Court and to the United States Trustee.  The cost of the bond shall be paid from the Reserved Funds.

### ARTICLE 15

### POST-EFFECTIVE DATE FEES AND
### EXPENSES OF PROFESSIONALS

Unless otherwise stated in the Confirmation Order or other Bankruptcy Court order, following the Effective Date, fees and expenses for services rendered by the professionals retained in the Chapter 11 Case and in furtherance of the Plan, including the fees and expenses of the Disbursing Agent, costs of administrating the Plan, and litigation costs and expenses including counsel fees, shall be paid as provided herein.  Fees and expenses of such professionals shall be paid by the Disbursing Agent from Reserved Funds, within fifteen (15) days of the invoice date unless the Disbursing Agent receives written objection to a particular invoice. Invoices for such fees and expenses must be served upon the Debtor's Counsel, Committee's

Counsel, and the Disbursing Agent.  If a dispute as to any invoice is not resolved, such dispute shall be submitted to the Bankruptcy Court for determination.  The uncontested portion of each invoice shall be paid as set forth above.  The Bankruptcy Court retains jurisdiction to resolve any disputes with respect to post-Effective Date fees and expenses.

## ARTICLE 16

## MISCELLANEOUS PROVISIONS

### 16.1    Amendments

The Plan and any exhibits or documents and instruments related thereto, may be amended, modified, or supplemented before or after the Confirmation Date, in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law.

### 16.2    Fractions of Dollars

No payments of fractions of dollars will be made.  Whenever any payment of a fraction of a dollar would otherwise be called for, the actual payment may reflect a rounding to the nearest whole dollar (up or down).  In addition, no dividend in an amount less than ten ($10.00) dollars shall be disbursed to any Holder of an Allowed Claim.  If a Holder of an Allowed Claim does not receive a cash payment because the payment would be less than $10.00, the Disbursing Agent will aggregate such amount payable with future amounts payable on subsequent dates.

### 16.3    Revesting of Assets

Upon the Effective Date, pursuant to the provisions of section 1141(b) and (c) of the Bankruptcy Code, the Assets then owned by the Debtor shall revest in the Reorganized Debtor; however, (i) all such Cash shall be and remain subject to the exclusive control of the

Disbursing Agent, (ii) all such Cash shall be subject to a Distribution, and (iii) all Cash shall be distributed by the Disbursing Agent pursuant to the terms hereof.

16.4    No Interest

Except as expressly stated in the Plan or allowed by the Bankruptcy Court, no interest, penalty, or late charge is to be allowed on any Claim subsequent to the Filing Date.

16.5    Abandonment

The Debtor may, on fifteen (15) days notice to the Bankruptcy Court, the Office of the United States Trustee, and Committee's Counsel, in accordance with the Bankruptcy Code and Bankruptcy Rules, abandon any property that the Debtor in the exercise of its business judgment, determines to be of de minimis value or burdensome to the Debtor's estate.

16.6    Right to Withhold Distributions, Deferment, and Set-Off of Payment

The Disbursing Agent shall have the right, in its discretion, to withhold a payment or Distribution to a Holder of a Claim, that is, or will be, subject of an Avoidance Action until such Avoidance Action is resolved. Further, the Disbursing Agent, in its discretion, shall have the right to: (i) defer and/or set-off payment of any claim the Debtor has; and (ii) set-off judgments or orders obtained by the Debtor pursuant to sections 547 and 548 of the Bankruptcy Code, against any payment or Distribution to a Holder of a Claim, but neither the failure to do so nor the allowance of a Claim constitutes the Debtor's waiver or release of its Claim against such Holder, provided however, that if the Debtor obtains a judgment against a Holder, no payment or Distribution shall be made to the Holder until such judgment has been satisfied.

16.7    Time

Except as otherwise provided in the Bankruptcy Rules, in computing any period of time prescribed or allowed by the Plan, the day of the act, event, or default from which the

designated period of time begins to run will not be included. Except as otherwise provided in the Bankruptcy Rules, the last day of the period so computed will be included, unless it is not a Business Day or, when the act to be done is the filing of a paper in court, it is a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

### 16.8   Governing Law

Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan will be governed by, and construed and enforced in accordance with, the laws of the state of New York, without giving effect to the principles of conflicts of law thereof.

### 16.9   Headings

The headings of the Articles and Sections of the Plan are inserted for convenience only and will not affect the interpretation hereof.

### 16.10   Successors and Assigns

The rights and obligations of any Person named or referred to in the Plan will be binding upon, and will inure to the benefit of, the successors and assigns of such Person.

### 16.11   Exemption from Transfer Taxes

Pursuant to section 1146(a) of the Bankruptcy Code, the assignment or surrender of any lease or sublease, or the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, arising subsequent to the Confirmation Date, including any deeds, bills of sale, or assignments executed in connection with any disposition of assets contemplated by the Plan shall not be subject to any stamp, real estate transfer, mortgage, recording, or other similar tax.

16.12    Payment of Fees to United States Trustee

The Reorganized Debtor shall pay all fees due the United States Trustee pursuant

to 28 U.S.C. § 1930 until the entry of a final decree closing the Chapter 11 Case.

Dated:  New York, New York
January 7, 2011

**ARCADE PUBLISHING, INC.**


By: /s/ Jeanette Seaver
Name: Jeanette Seaver
Title: Vice President


Dated:  New York, New York
January 7, 2011


**ROSEN & ASSOCIATES, P.C.**
Attorneys for the Debtor and
Debtor in Possession


By: /s/ Nancy L. Kourland
Nancy L. Kourland

747 Third Avenue
New York, NY  10017-2803
Tel:  (212) 223-1100
Fax:  (212) 223-1102

Dated:  New York, New York
January 7, 2011


**PLATZER, SWERGOLD, KARLIN, LEVINE,
GOLDBERG & JASLOW, LLP**
Attorneys for the Official Committee
of Unsecured Creditors



By: /s/ Mitchell L. Kaplan
Mitchell L. Kaplan

1065 Avenue of the Americas, 18th Floor

New York, New York 10018
Tel:  (212) 593-3000
Fax:  (212) 593-0353