**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re                                                          Chapter 11

ARCADE PUBLISHING, INC.,                                        Case No. 09-13636 (MG)

                                    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER CONFIRMING MODIFIED JOINT PLAN OF LIQUIDATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND DEBTOR PURSUANT TO 11 U.S.C. § 1123

Arcade Publishing, Inc., the above-captioned debtor and debtor in possession (the

"**Debtor**"), having filed the Modified Joint Plan of Liquidation, dated March 1, 2011 (the "**Joint**

**Plan**"), proposed jointly by the Official Committee of Unsecured Creditors (the "**Committee**")

and the Debtor; and this Court having entered an order dated March 2, 2011 (the "**Disclosure**

**Statement Approval Order**") (i) approving the modified disclosure statement with respect to

the Plan (the "**Disclosure Statement**"), (ii) fixing the time for filing acceptances or rejections of

the Plan, and (iii) scheduling a hearing to consider confirmation of the Plan (the "**Confirmation**

**Hearing**"); and the Debtor having filed a Memorandum of Law in Support of Confirmation of

the Plan (the "**Confirmation Memorandum**");

AND UPON the Certification of Mitchell L. Kaplan of Platzer, Swergold, Karlin,

Levine, Goldberg & Jaslow, LLP Regarding Voting on and Tabulation of Ballots Accepting or

Rejecting Modified Joint Plan of Liquidation dated April 7, 2011 (the "**Certification**");

AND the Confirmation Hearing having been held before this Court on April 14,

2011, and no party in interest having filed an objection to the Joint Plan;

AND this Court having considered:

1.      The Joint Plan;

2.      The Disclosure Statement;

3.      The Confirmation Memorandum;

4.      The Certification;

5.      The arguments of counsel and the evidence presented at the

Confirmation Hearing; and

6.      To the extent deemed relevant, the record of other hearings in this

chapter 11 case (the "**Chapter 11 Case**") and all pleadings filed with respect thereto;

AND AFTER DUE DELIBERATION AND GOOD AND SUFFICIENT CAUSE

APPEARING THEREFOR, this Court makes the findings of fact and conclusions of law set

forth below.

<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

a.      All capitalized terms used but not defined herein shall have the meanings

ascribed to such terms in the Joint Plan.

b.      This Court has jurisdiction over the Joint Plan and confirmation of the

Plan pursuant to 28 U.S.C. §§ 157 and 1334.  Confirmation of the Joint Plan is a core proceeding

pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(L).  Venue of the Chapter 11 Case in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

c.      The Debtor is a proper debtor under section 109 of the Bankruptcy Code,

and the Debtor and the Committee are proper proponents of the Joint Plan under section 1121(a)

of the Bankruptcy Code.

d.      All persons required to receive notice of the Confirmation Hearing and the

deadlines for voting on the Joint Plan or filing and serving objections to confirmation of the Joint

Plan have received due, proper, timely, and adequate notice, and have had an opportunity to

appear and to be heard with respect thereto, and such notice complies with the Disclosure

Statement Approval Order, the Bankruptcy Rules, and all other applicable law.

e.      The Debtor has solicited and tabulated votes on the Joint Plan in good

faith and in a manner consistent with the Bankruptcy Code and the Disclosure Statement

Approval Order, as applicable.

f.      The Joint Plan meets the requirements of sections 1122 and 1123 of the

Bankruptcy Code.

g.      The Joint Plan designates and classifies Claims, other than Claims of a

kind specified in sections 507(a)(1) through 507(a)(8) of the Bankruptcy Code.  The

classification of Claims under the Joint Plan complies with section 1122 of the Bankruptcy Code.

Each Claim placed in a particular Class pursuant to the Joint Plan is substantially similar to the

other Claims in such Class.

h.      The Joint Plan specifies that two Classes of Claims and one Class of

Interests are impaired.  The Joint Plan specifies the treatment of impaired Claims in Classes 1

and 2 and impaired Interests in Class 3.

i.      The Joint Plan provides the same treatment for each Claim in a particular

Class.

j.      The Joint Plan provides adequate means for its execution and

implementation.

k.      The Joint Plan contains only provisions that are consistent with the

interests of creditors and with public policy.

l.      Section 1129(a)(1) of the Bankruptcy Code is satisfied because the Joint

Plan complies with the applicable provisions of the Bankruptcy Code.

m.      Section 1129(a)(2) of the Bankruptcy Code is satisfied because the Debtor and the Committee have complied with all applicable provisions of the Bankruptcy Code, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code.

n.      Section 1129(a)(3) of the Bankruptcy Code is satisfied because the Joint Plan has been proposed in good faith, and not by any means forbidden by law.

o.      Section 1129(a)(4) of the Bankruptcy Code is satisfied because any payments made or to be made by the Debtor, or any person acquiring property under the Joint Plan, for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Joint Plan and incident to the Chapter 11 Case, has been approved by, or is subject to approval of, this Court upon proper application under section 330 of the Bankruptcy Code, as reasonable.

p.      Section 1129(a)(5) of the Bankruptcy Code is satisfied because the Debtor has identified Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, the Committee's counsel, as the Disbursing Agent and disclosed that the Disbursing Agent shall be paid reasonable fees, costs, and expenses, all of which shall be subject to the approval of this Court.

q.      Section 1129(a)(6) of the Bankruptcy Code is inapplicable because no rate changes are provided for in the Plan that would require governmental regulatory commission approval.

r.      Section 1129(a)(7) of the Bankruptcy Code is satisfied because, with respect to each impaired Class of Claims and Interests, each Holder of an Allowed Claim or Interest in such Class either (i) has accepted the Joint Plan, or (ii) will receive or retain under the Joint Plan on account of such Claim or Interest property of a value, as of the Effective Date, that

4

is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

s.      Section 1129(a)(8) of the Bankruptcy Code is not satisfied with respect to Classes 2 and 3, which are impaired, because Classes 2 and 3 are each deemed to have rejected the Joint Plan.  However, Holders of Class 2 Claims and Class 3 Interests have expressly agreed to the treatment provided by the Joint Plan with respect to their respective Claims and Interests.

t.      Section 1129(a)(9)(A) of the Bankruptcy Code is satisfied because the Joint Plan provides for treatment of Administrative Expense Claims and  for the treatment of Allowed Priority Claims, respectively, in the manner required.  As to Holders of Allowed Administrative Expense Claims, the Joint Plan provides that on the later of (i) the Distribution Date or (ii) ten (10) days after such Administrative Expense Claim becomes an Allowed Claim, each Holder of an Allowed Administrative Expense Claim will be paid by the Disbursing Agent the amount of such Allowed Claim in full, from the Reserved Funds, without interest, unless the Holder of such Allowed Claim and the Debtor agree to a less favorable treatment of such Allowed Claim, in which case such Holder will be paid in accordance with such agreement.  As to Holders of Allowed Priority Claims, the Plan provides that commencing on the later of (i) the Distribution Date or (ii) ten (10) days after such Priority Claim becomes an Allowed Claim, each Holder of an Allowed Priority Claim will be paid by the Disbursing Agent the amount of such Allowed Claim in full, from the Reserved Funds, unless the Holder of such Allowed Claim and the Debtor agree to a less favorable treatment of such Allowed Claim, in which case such Holder will be paid in accordance with such agreement.

u.      Section 1129(a)(l0) of the Bankruptcy Code is satisfied because Class 1 is impaired under the Joint Plan and has accepted the Joint Plan

v.        Section 1129(a)(11) of the Bankruptcy Code is satisfied because the Joint

Plan is feasible, as demonstrated by the Disclosure Statement, and as set forth in the

Confirmation Memorandum.

w.        Section 1129(a)(12) of the Bankruptcy Code is satisfied because the Joint

Plan provides for the payment of all fees payable under section 1930 of title 28 of the United

States Code.

x.        Section 1129(a)(13) of the Bankruptcy Code is inapplicable because the

Debtor has no retiree plans, funds, or programs that provide for the payment of any retiree

benefits, as defined in section 1114 of the Bankruptcy Code.

Based upon the foregoing findings of fact and conclusions of law, and good and

sufficient cause appearing therefor,

IT IS, on April 15, 2011,

ORDERED, ADJUDGED AND DECREED that:

The Plan

1.    The Joint Plan is hereby confirmed.

2.    The Debtor and the Committee and their respective agents and attorneys are

authorized, empowered, and directed, subject to the conditions set forth in the Joint Plan, to carry

out the provisions of the Joint Plan, and to take such action, including the execution and delivery

of all agreements, instruments, and documents, as may be necessary to consummate the Joint

Plan.

3.    The provisions of the Joint Plan and this Order shall be binding on the

Debtor, each creditor, and each other party in interest in the Chapter 11 Case.

Implementation

4.   The Debtor and the Committee are hereby empowered and authorized to take or cause to be taken all actions which are necessary to enable it to implement effectively the provisions of the Joint Plan, and any other agreements related to and incident thereto.  All such actions taken or caused to be taken shall be deemed to have been authorized and approved by this Court.

Executory Contracts

5.   As of the Effective Date, all Executory Contracts that have not been assumed or rejected are hereby deemed to be rejected by the Debtor in accordance with the provisions of sections 365 and 1123 of the Bankruptcy Code.

Revesting of Assets

6.   Upon the Effective Date, pursuant to the provisions of sections 1141(b) and 1141(c) of the Bankruptcy Code, all of the Assets then owned by the Debtor shall revest in the Reorganized Debtor free and clear of all Liens, Claims, and Equity Interests therein, except to the extent provided by the terms of the Joint Plan and the Confirmation Order.

Discharge

7.   Notwithstanding the entry of this Order confirming the Joint Plan, the Debtor, in accordance with section 1141(d)(3)(A) of the Bankruptcy Code, shall not receive a discharge.

Injunction

8.   On the Effective Date, all Persons who have held, hold, or may hold Claims arising on or before the Effective Date or who have held, hold, or may hold Equity Interests acquired on or before the Effective Date will be enjoined from taking any of the following actions with respect to such Claims or Equity Interests, provided, however, that the injunction

7

shall not affect the liability of any other entity for such Claims or Equity Interests: (a) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Debtor, any of the Assets or any direct or indirect transferee of any Assets of, or successor in interest to, the Debtor or any assets of any such transferee or successor, (b) enforcing, levying, attaching, collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, any of the Assets, or any direct or indirect transferee of any Assets of, or successor in interest to, the Debtor or any assets of any such transferee or successor, (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, any of the Assets or any direct or indirect transferee of any Assets of, or successor in interest to, the Debtor or any assets of any such transferee or successor, (d) asserting any set-off, right of subrogation, or recoupment of any kind, directly or indirectly, against any obligation due the Debtor, any of the Assets or any direct or indirect transferee of any Assets of, or successor in interest to, the Debtor or any assets of any such transferee or successor, and (e) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Joint Plan.

9.   On or after the Effective Date, neither the Debtor, nor the Committee, nor the Disbursing Agent, nor any of their respective members, officers, directors, general partners, managing agent, owners, or employees (acting in such capacity) nor any professional person employed by the Debtor, the Committee, or the Disbursing Agent, shall have or incur any liability to any person and/or entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, confirmation, or consummation of the Joint Plan, the Disclosure Statement, or any other contract, instrument, release, or other

agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Chapter 11 Case or the Joint Plan; provided, however, that the foregoing exculpation from liability will not apply to actions or omissions in bad faith or as a result of gross negligence or willful misconduct.  Any such liability against respective professionals of the Debtor, the Committee, or the Disbursing Agent to their respective clients shall also not be limited contrary to the requirement of 1.8(h)(1) of the New York State Rules of Professional Conduct, as promulgated in April, 2009.

10. Notwithstanding anything to the contrary set forth in the preceding paragraph 8, nothing contained therein shall be deemed to enjoin any person from taking any action described therein against a person other than the Debtor, provided, however, that the purpose of such action is not to enforce a Claim against the Debtor.

11. The stay in effect in the Chapter 11 Case pursuant to section 362(a) of the Bankruptcy Code shall continue to be effective until the Effective Date and at that time shall be dissolved and of no further force or effect, subject to the injunctions provided in the Joint Plan and/or this Order.

Miscellaneous

12. Notwithstanding the entry of this Order or the occurrence of the Effective Date, until the date on which this Court closes the Chapter 11 Case pursuant to section 350 of the Bankruptcy Code, this Court shall retain exclusive jurisdiction over all proceedings and matters arising out of or relating to the Debtor and the Chapter 11 Case.

13.  In the event any conflict or inconsistency between the terms of the Joint Plan and this Order, the terms of this Order shall control; provided, however, that if the terms of the Joint Plan or this Order do not expressly resolve the issue under consideration, or are ambiguous

9

with regard to such issue, the Debtor or other parties in interest, on such notice as may be appropriate, may seek such relief from this Court as may be necessary.

14. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order and the Joint Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

15. The failure specifically to include or reference any particular provision of the Joint Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Joint Plan be confirmed in its entirety.

16. Within ten (10) days after entry of this Order, the Debtor shall (i) mail notice of entry of this Order to all creditors and parties in interest and (ii) publish notice of entry of this Order on this Court's Electronic Case Filing System on the docket for its case, and such service and publication shall constitute good and sufficient notice of this Order confirming the Joint Plan, and no other or further notice need be given.

Dated: New York, New York
April 15, 2011

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge